UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JUDY ANN TONEY,

                              Plaintiff,                Case # 17-CV-733-FPG

v.                                                                     DISMISSAL ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

On August 1, 2017, *pro se* Plaintiff Judy Ann Toney filed a Complaint against the Commissioner of Social Security and an *in forma pauperis* motion. ECF Nos. 1, 2. On September 26, 2017, the Court granted Plaintiff's motion and directed the United States Marshal to serve the summons and Complaint upon the Commissioner. ECF No. 4. The United States Marshal performed service accordingly and, on January 4, 2018, the Commissioner filed the transcript. ECF Nos. 6, 8, 9.

Pursuant to Local Rule of Civil Procedure 5.5, dispositive motions from both parties were due by March 5, 2018, *i.e.*, within 60 days of the filing of the administrative transcript. *See* Loc. R. Civ. P. 5.5(c).[1] On that day, the Commissioner timely moved for judgment on the pleadings. ECF No. 10. Even though Plaintiff's dispositive motion was also due that day, the Court entered a Scheduling Notice giving Plaintiff until May 7, 2018 to respond to the Commissioner's motion and cross-move for dispositive relief. The Court sent a copy of this Scheduling Notice to Plaintiff.

On November 26, 2018, more than six-and-a-half months beyond the dispositive motion deadline, Plaintiff had not filed anything or otherwise communicated with the Court. Accordingly,

---

[1] The Clerk's Office gave Plaintiff *pro se* assistance information and a copy of Local Rule 5.5 when she filed this case.

1

pursuant to Local Rule of Civil Procedure 41(b), the Court ordered Plaintiff to show cause in writing by December 28, 2018 why this case should not be dismissed for failure to adhere to the dispositive motion deadline. ECF No. 12; *see* Loc. R. Civ. P. 41(b) (indicating that if a civil case has been pending for more than six months and is not in compliance with the Court's directions, the Court may order the parties to show cause why the case should not be dismissed). Plaintiff still has not communicated with the Court. Consequently, this case is DISMISSED WITH PREJUDICE.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

As to the duration of Plaintiff's failure to comply with the Court's Orders, her dispositive motion was initially due by March 5, 2018—ten months ago—and Plaintiff was aware of this deadline because she received a copy of Local Rule 5.5, which sets forth this briefing schedule, when she filed her case. Nonetheless, she did not file a motion. The Court then extended the dispositive motion deadline to May 7, 2018 and notified Plaintiff of the extension, but Plaintiff still did not file anything. Then, nearly six-and-a-half months later, the Court gave Plaintiff another 30 days to show cause as to why she had not filed a dispositive motion. ECF No. 12.

Plaintiff had notice that her failure to comply would result in the dismissal of this case because the Order to Show Cause explicitly warned her that if she did not respond, her case would be dismissed with prejudice. *Id.* The Court's Local Rules also warn that a *pro se* litigant's failure to comply with the Federal and Local Rules of Civil Procedure "may result in the dismissal of the case, with prejudice." Loc. R. Civ. P. 5.2(i).

The Court also finds Plaintiff's inaction prejudicial to the Commissioner. The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals.

Similarly, although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context; there are nearly 1,500 Social Security appeals currently pending in this District. This case is nearly one-and-a-half years old, yet it is not fully briefed or ready for the Court to rule on its merits.

The Court has given Plaintiff opportunities to be heard and pursue her Social Security appeal, but she has refused to prosecute this action and respond to the Court's Orders.

Accordingly, the Court finds that dismissal is appropriate as no lesser sanction would compel Plaintiff to prosecute this case.

## CONCLUSION

Because Plaintiff failed to comply with the Court's Orders and has not communicated with the Court to explain or correct the noncompliance despite being warned of the consequences of failing to respond, this action is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 8, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court